IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUNIOR FORDE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-5823 |
| | : | |
| THE HOME DEPOT, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                 **December 20, 2011**

Plaintiffs Junior Forde and Dale H. Chase bring a cause of action under 42 U.S.C. § 1983 for violations of their constitutional rights against Defendants Cheltenham Township Police Officer Brian Hopkins, Cheltenham Township Chief of Police John J. Norris, and Township of Cheltenham (the Cheltenham Defendants).[1] The Cheltenham Defendants move this Court to dismiss Plaintiffs' Complaint in its entirety against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion will be granted.

**FACTS**[2]

Plaintiffs' claims arise out of an incident which occurred on August 10, 2009, when, according to the Complaint, Forde and Chase went to The Home Depot to purchase materials in the course of their employment. Forde purchased the materials with only a credit card number provided by his supervisor. Later the same day, Forde and Chase returned to The Home Depot to purchase additional materials. Forde again presented the cashier's clerk with a credit card number as well as

---

[1] Plaintiffs allege other causes of action against Defendants The Home Depot, Home Depot U.S.A., Inc., and The Home Depot, Inc., none of which are relevant to the instant motion before this Court.

[2] On a motion to dismiss under Rule 12(b)(6), a district court is required to accept as true all well-pleaded allegations in the complaint, and to view the facts and all reasonable inferences that can be drawn from them in the light most favorable to the plaintiff. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1164-65, 1167 (3d Cir. 1987) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)).

a phone number for authorization; however, this time the men were asked to wait. While waiting, they were approached by Officer Hopkins who arrested them for credit card fraud based on information provided by The Home Depot. Plaintiffs tried to tell Officer Hopkins they were authorized to use the card, and a mistake had been made in the phone number dialed to obtain authorization. They also requested the officer call their supervisor, the cardholder, who would confirm this information. Officer Hopkins ignored Plaintiffs' pleas, and Plaintiffs were held in custody for approximately eight hours at which point Forde spoke to a detective who then called Forde's supervisor who confirmed Forde was authorized to use the credit card. Thereafter, Plaintiffs were released. The Cheltenham Defendants ask this Court to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**DISCUSSION**[3]

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating such a motion, a district court first should separate the legal and factual elements of the plaintiff's claims. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211

---

[3] By letter to this Court, dated November 7, 2011, counsel for Plaintiffs consented to the dismissal of their claims against the Cheltenham Defendants pursuant to the First Amendment, Fifth Amendment, Eighth Amendment, Equal Protection Clause, and *Monell*, as well as their claims for the intentional tort of battery and punitive damages. Accordingly, even though the Cheltenham Defendants addressed in their motion each claim brought against them, Plaintiffs responded only as to their Fourth and Fourteenth Amendment claims against Officer Hopkins, namely, their false arrest claims pursuant to 42 U.S.C. § 1983. *See* Pls.' Nov. 7, 2011, letter, Ex. A to Pls.' Opp'n to Defs.' Mot. to Dismiss. As a result, this Court will discuss only those claims.

(quoting *Iqbal*, 129 S. Ct. at 1950).

To state a successful claim under § 1983, a plaintiff must demonstrate: (1) the challenged conduct was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (internal citation omitted). The parties do not dispute Officer Hopkins was acting under color of state law, therefore, this Court will only discuss whether Plaintiffs were deprived of a federal right, privilege, or immunity.

The Third Circuit has long held that an arrest made without probable cause is a Fourth Amendment violation actionable under § 1983. *Walmsley v. City of Phila.*, 872 F.2d 546, 551 (3d Cir. 1989). To state a Fourth Amendment claim for false arrest, a plaintiff must allege there was an arrest, and the arrest was made without probable cause. *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988); *see also DiNicola v. DiPaolo*, 25 F. Supp. 2d 630, 637 (W.D. Pa. 1998) (citing *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)) (noting to prevail on false arrest claim under § 1983, plaintiffs would have to prove police lacked probable cause to arrest). Probable cause to arrest is present when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Williams v. Temple Univ.*, No. 04-831, 2011 WL 2516234, at *5 (E.D. Pa. June 21, 2011) (citing *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995)); *see also Beck v. Ohio*, 379 U.S. 89, 91 (1964). In making this determination, a court should consider "the totality of the circumstances presented, and assess the knowledge and information which the officers possessed at the time of arrest, coupled with the factual occurrences immediately precipitating the arrest." *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002). The finding as to whether probable cause existed at the time of the arrest is thus a factual analysis, and the court must establish "whether the objective facts available to the officers

at the time of the arrest were sufficient to justify a reasonable belief that an offense was being committed." *United States v. Glasser*, 750 F.2d 1197, 1206 (3d Cir. 1984). Moreover, under the Fourth Amendment, a warrantless arrest by a police officer is reasonable where there is probable cause to believe a criminal offense has been or is being committed. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Significantly, the constitutional validity of the arrest does not depend on whether the suspect actually committed a crime. *Johnson v. Campbell*, 332 F.3d 199, 211 (3d Cir. 2003); *see also Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (stating, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted–indeed, for every suspect released"). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti*, 71 F.3d at 482 - 83; *see also Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (holding probable cause requires only a "fair probability" that a person committed the relevant crime).

When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff. *Hunter v. Bryant,* 502 U.S. 224, 228 (1991); *see also Anderson v. Creighton,* 483 U.S. 635, 641 (1987). The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Even government officials who "reasonably but mistakenly conclude that probable cause is present" are entitled to immunity from suit, *Hunter*, 502 U.S. at 227 (quoting *Anderson*, 483 U.S. at 641); *see also Malley v. Briggs*, 475 U.S. 335, 341 (stating qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"), and the objective reasonableness of an arresting officer's belief that probable cause existed is a question for the court,

4

*Walker v. Spiller*, 54 F. Supp. 2d 421, 425 (E.D. Pa. 1999) (citing *Hunter*, 502 U.S. at 227). The qualified immunity analysis has two components: (1) whether the facts, viewed in the light most favorable to the party asserting the injury, show the official's conduct violated a constitutional right; and (2) whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Wright v. City of Phila.*, 409 F.3d 595, 600-01 (3d Cir. 2005).

Officer Hopkins argues he is entitled to qualified immunity as to Plaintiffs' § 1983 claims of false arrest. Interestingly, Plaintiffs "concede Officer Hopkins is entitled to qualified immunity", however, they contend dismissal on the basis of qualified immunity is not warranted at this stage because "[Hopkins'] determination as to the existence of probable cause under the totality of the circumstances was in violation of clearly established law and objectively unreasonable." Pls.' Opp'n to Defs.' Mot. to Dismiss. Without citing to any law, Plaintiffs argue a police officer of reasonable caution under the totality of circumstances would have investigated their alibi witness before arresting them, and the exculpatory information possessed by that witness would have negated the probable cause to arrest. This Court disagrees.

A police officer's failure to investigate a suspect's alibi does not "negate the probable cause for the warrantless arrest in the absence of a showing that the officer's initial probable cause determination was itself unreasonable." *Walker*, 54 F. Supp. 2d at 426 (quoting *Romero v. Fay*, 45 F.3d 1472, 1477-78 (10th Cir. 1995)); *DiNicola*, 25 F. Supp. 2d at 657-58. Indeed, several circuit courts have held there is no general duty on the part of a police officer to investigate further after acquiring information sufficient to establish probable cause. *See, e.g., Orsatti*, 71 F.3d at 484 (stating for purposes of assessing whether officers had "probable cause" court focuses on the information that officers had available to them at the time of the alleged unlawful conduct, "not on whether the information resulted from exemplary police work"); *Romero*, 45 F.3d at 1477-78 (no duty to investigate); *Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990) (same); *Criss*

*v. City of Kent*, 867 F.2d 259, 263 (6th Cir. 1988) (same); *Thompson v. Olson,* 798 F.2d 552, 556 (1st Cir. 1986) (same).

According to the Complaint, Officer Hopkins arrested Plaintiffs for credit card fraud after they had attempted to purchase materials at The Home Depot using only a third-party's credit card number, and after there had been some sort of problem with the phone number Plaintiffs provided for authorization. Accepting these facts as true, this Court finds Officer Hopkins had probable cause to arrest Plaintiffs because the facts and circumstances within Officer Hopkins' knowledge at the time of the arrest were sufficient in themselves to warrant a reasonable person to believe that an offense was being committed. It is of no moment that Plaintiffs had made a purchase at The Home Depot with the same credit card number earlier the same day, or that they had done so on several prior occasions. For all Officer Hopkins knew, all of Plaintiffs' previous purchases – if he even knew about those at the time of the arrest – were themselves illegal, cashiers at The Home Depot were in on the fraud with Plaintiffs, or any other such similar scenario. Accordingly, the information provided to Officer Hopkins at the time of the arrest was sufficient for him to conclude probable cause to arrest Plaintiffs was present.

This Court rejects Plaintiffs' contention that Officer Hopkins' determination as to the existence of probable cause violated clearly established law and was objectively unreasonable solely as a result of his failure to contact Plaintiffs' supervisor. Once Officer Hopkins determined probable cause existed to arrest Plaintiffs for credit card fraud based on the information supplied to him by The Home Depot, his failure to question Plaintiffs' supervisor prior to their arrest did not negate his probable cause. Thus, Hopkins' failure to investigate Plaintiffs' alibi witness prior to arrest was not objectively unreasonable and did not constitute a constitutional violation. *Ogborne v. Brown*, No. 97-4374, 2000 WL 764928, at *8 n.14 (E.D. Pa. June 14, 2000) (stating "a suspect has no constitutional right to a professionally executed investigation. Rather, the issue is the presence or

absence of probable cause to charge him" (citing *Orsatti*, 71 F.3d at 484)); *see also Marx*, 905 F.2d at 1507 n.6 ( "[The police officers] were not required to forego arresting [plaintiff] based on initially discovered facts showing probable cause simply because [plaintiff] offered a different explanation."); *Criss*, 867 F.2d at 263 ("A policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."); *Thompson,* 798 F.2d at 556 ("[H]aving once determined that there is probable cause to arrest, an officer should not be required to reassess his probable cause conclusion at every turn, whether faced with the discovery of some new evidence or a suspect's self-exonerating explanation from the back of the squad car."). Accordingly, Officer Hopkins is entitled to qualified immunity with respect to Plaintiffs' § 1983 claims of false arrest.

      Defendants' motion will be granted. An appropriate order follows

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.